# EXHIBIT 1

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of CHATHAM _____ County

| For Clerk Use Only | |
|---|---|
| **Date Filed** 10/22/2020 | **Case Number** STCV20-01951 |
| MM-DD-YYYY | |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| SMITH, BETTY | APPLEPEEL ENTERPRISES, INC. d/b/a TYBEE |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | VACATION RENTALS and | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | CORONA, KEN | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** WILLIAM J. DEGENHART    **Bar Number** 384018    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BETTY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: STCV20-01951 _____ |
| | ) |
| APPLEPEEL ENTERPRISES, INC. | ) |
| d/b/a TYBEE VACATION RENTALS, | ) |
| and KEN CORONA, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

## CERTIFICATION UNDER RULE 3.2

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that no case has heretofore been filed in the State Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the Petition/Pleading to be specifically assigned to the Judge to whom the original action was or is assigned.

This 22nd day of October, 2020.

**MORGAN & MORGAN**                       */s/  William J. Degenhart*
25 Bull Street, Suite 400                    William J. Degenhart
Savannah, Georgia 31401                    Georgia Bar No. 384018
(912) 443-1000                                 *Attorney for Plaintiff*
wdegenhart@forthepeople.com

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that this Petition/Pleading involves substantially the same parties or substantially the same factual issues as in Case No. _____.

_____ v. _____

Filed in the Eastern Judicial Circuit of Georgia which, under Rule 3.2 of the Superior Court Rules require the Petition/Pleading be specifically assigned to the Judge to whom the original action was or is assigned.

_____
William J. Degenhart
Georgia Bar No. 384018

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM          *Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BETTY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: STCV20-01951 |
| | ) | |
| APPLEPEEL ENTERPRISES, INC. | ) | |
| d/b/a TYBEE VACATION RENTALS, | ) | |
| and KEN CORONA, | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) | |

# <u>SUMMONS</u>

TO: **APPLEPEEL ENTERPRISES, INC. d/b/a
TYBEE VACATION RENTALS**
c/o    Reg. Agt., Amy Gaster
1314 Second Avenue
Tybee Island, Chatham County, Georgia 31328


**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of said Court and serve upon Plaintiff's attorney, William Jay Degenhart, Morgan & Morgan, 25 Bull Street, 4th Floor, Savannah, Georgia 31401, **an Answer to the Complaint** which is herewith served upon you **within 30 days after service** of this Summons and Complaint, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint.

Also served with the Complaint are Plaintiff's First Interrogatories to Defendant and Plaintiff's First Request for Production of Documents to Defendant.

This 22nd day of _____October_____, 2020.


_____
CLERK OF COURT

/s/ Moneisha Green
_____
DEPUTY CLERK, State Court of Chatham County

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM          *Brian K Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BETTY SMITH,<br><br>      Plaintiff,<br><br>v.<br><br>APPLEPEEL ENTERPRISES, INC.<br>d/b/a TYBEE VACATION RENTALS,<br>and KEN CORONA,<br><br>      Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO.: STCV20-01951<br>)<br>)<br>)<br>)<br>) **DEMAND FOR JURY TRIAL**<br>) |

# SUMMONS

TO:   **KEN CORONA**
      3175 B Street
      San Diego, San Diego County, California 92102

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of said Court and serve upon Plaintiff's attorney, William Jay Degenhart, Morgan & Morgan, 25 Bull Street, 4th Floor, Savannah, Georgia 31401, **an Answer to the Complaint** which is herewith served upon you **within 30 days after service** of this Summons and Complaint, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint.

Also served with the Complaint are Plaintiff's First Interrogatories to Defendant and Plaintiff's First Request for Production of Documents to Defendant.

This 22nd day of October_____, 2020.


                                                    _____
                                                    CLERK OF COURT

/s/ Moneisha Green
_____
DEPUTY CLERK, State Court of Chatham County

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM

*Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BETTY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: STCV20-01951 |
| | ) _____ |
| APPLEPEEL ENTERPRISES, INC. | ) |
| d/b/a TYBEE VACATION RENTALS, | ) |
| and KEN CORONA, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff BETTY SMITH, and states her Complaint for Damages against Defendants APPLEPEEL ENTERPRISES, INC. d/b/a TYBEE VACATION RENTALS, and KEN CORONA, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Betty Smith is a citizen and resident of the State of Michigan.

2.

The incident that is the subject of this cause of action occurred at Defendant Ken Corona's rental property, The Grimball Chaplin House, Unit B (hereinafter "The Premises"), located at 313 West Waldburg Street, Savannah, Georgia 31401.

3.

At all times relevant to this cause of action, the Premises was managed and/or operated by Applepeel Enterprises, Inc. d/b/a/ Tybee Vacation Rentals.

3.

Upon information and belief, Defendant Ken Corona (hereinafter "Corona") is a citizen

and resident of the State of California. Corona owns and/or owned the Premises that is the subject of this cause of action, and is subject to the jurisdiction of this Court. Defendant Corona can be served with process at his residence, located at 3175 B Street, San Diego, San Diego County, California 92102.

4.

Defendant Applepeel Enterprises, Inc. d/b/a Tybee Vacation Rentals (hereinafter "Applepeel") is a domestic profit corporation authorized to do business in the State of Georgia, with its principal office located at 1010 Highway 80 East, Tybee Island, Chatham County, Georgia 31328, and is subject to the jurisdiction of this Court. Applepeel maintains offices and transacts business in Chatham County, Georgia, the county in which this cause of action originated. Applepeel can be served with process by issuing Summons and a second original of this Complaint to its registered agent for service, Amy Gaster, 1314 Second Avenue, Tybee Island, Chatham County, Georgia 31328.

5.

Venue in the present case is proper in Chatham County, Georgia.

## **FACTUAL ALLEGATIONS**

6.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 5 above as if they were restated verbatim.

7.

At all times material hereto, Defendant Corona owned the property located at approximately 313 West Waldburg Street, Savannah, Chatham County, Georgia 31401, and as

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM          *Brian H. Hart* -Clerk of Court

such possessed said property with the intent to occupy and control it as a vacation rental property.

8.

At all times relevant hereto, Defendant Applepeel maintained and/or managed the aforementioned property and provided property management and/or leasing services.

9.

On or about June 11, 2019, Plaintiff's granddaughter, Shantanique Wilson, rented the Premises for a vacation rental.

10.

Plaintiff and her family were visiting the Savannah area for her daughter's graduation.

11.

On or about June 27, 2019, Plaintiff was a registered guest at the Premises.

12.

On or about June 27, 2019, upon entering the Premises as a registered guest, Plaintiff assumed the legal status of an invitee as the term is defined and codified under Georgia Law.

## COUNT I

### *Negligence of Defendants*

13.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 10 above as if they were restated verbatim.

14.

On or about June 27, 2019, Plaintiff was an invitee on the Premises.

15.

On that same date, as Plaintiff was walking down the steps, she grabbed onto the railing, which was loose and/or rotten, and lost her balance, whereby she fell down the stairs.

16.

As a result of the aforementioned fall, Plaintiff suffered serious and life-threatening injuries.

17.

At all times relevant hereto, Defendant Corona owned, and Defendant Applepeel and/or managed and/or operated the Premises and owed a legal duty of reasonable care to invitees to inspect and keep the premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

18.

At all times relevant hereto, Defendants, by and through their employees, had actual and/or constructive knowledge of the hazardous condition of the loose and/or rotten railing prior to Plaintiff's fall.

19.

At all times relevant hereto, Plaintiff had no knowledge of the unsafe and dangerous condition of the loose and/or rotten, and it was not discoverable by Plaintiff in the exercise of reasonable and ordinary care.

20.

At all times relevant hereto, Plaintiff exercised reasonable care for her own safety.

21.

At all times relevant hereto, Defendants breached their duty of reasonable care in one or

Case 4:21-cv-00012-WTM-CLR   Document 1-2   Filed 01/19/21   Page 10 of 42

more of the following manners:

a)   Defendants failed to inspect the Premises for dangerous conditions;

b)   Defendants failed to warn patrons of a dangerous condition they knew or should
     have known existed on the Premises; and

c)   Defendants failed to maintain the stair railings on the Premises when they knew
     or should have known said stair railings were loose and/or rotten.

22.

As a result of the foregoing, Defendants breached their legal duty to Plaintiff in violation
of O.C.G.A § 51-3-1.

23.

As a direct and proximate result of the aforesaid breaches of duty and negligence by
Defendants, Plaintiff tripped and fell down the stair, suffering severe and permanent personal
injuries. Plaintiff has suffered injuries and damages including, but not limited to, past medical
expenses, future medical expenses, and past, present, and future physical pain and suffering.

24.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from
Defendants in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

(a)   That Process and Summons issue, as provided by law, requiring
      Defendants to appear and answer Plaintiff's Complaint;

(b)   That service be had upon Defendants as provided by law;

(c)   That the Court award and enter a judgment in favor of Plaintiff and against

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM     *Brian K. Hart* -Clerk of Court

Defendants for compensatory damages in an amount to be proven at trial;

(d)     That Plaintiff have a trial by a jury as to all issues; and

(e)     That Plaintiff have such other and further relief as the Court may deem just and proper.

This 22nd day of October, 2020.

*/s/  William J. Degenhart*
William J. Degenhart
Georgia Bar No. 384018
*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:  (912) 443-1000
F:  (912) 443-1104
wdegenhart@forthepeople.com

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM

*Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BETTY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: STCV20-01951 |
| v. | ) | |
| | ) | |
| APPLEPEEL ENTERPRISES, INC. | ) | |
| d/b/a TYBEE VACATION RENTALS, | ) | |
| and KEN CORONA, | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

COMES NOW, Plaintiff BETTY SMITH (hereinafter "Plaintiff"), and serves upon Defendants APPLEPEEL ENTERPRISES, INC. d/b/a TYBEE VACATIONAL RENTALS and KEN CORONA (hereinafter "Defendants") Plaintiff's First Interrogatories, to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information, but not later than the time of trial.

## DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)   "You" and "your" means and refers to the Defendant to whom these Interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)     The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## **INTERROGATORIES**

1.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Production of Documents.

2.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct Defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

3.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance, including umbrella policies, which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM *Brian H. Hart* -Clerk of Court

in favor of Plaintiff against Defendants or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

4.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a)     Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d)     Assisted Plaintiff after her fall at your Premises on June 27, 2019.

5.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

6.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

7.

Please identify each person (whether your employee or a claims adjuster, etc.) who has

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM          *Brian K. Hart* -Clerk of Court

made an investigation or study of the subject incident or location at Defendants' Premises.

8.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

9.

Identify each person employed by Defendants who inspected the subject property, located at 313 West Waldburg Street, Savannah, Georgia 31401 (hereinafter "The Premises"), from June 1, 2019 through and including July 31, 2019.

10.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

11.

Please identify each individual who was responsible for the maintenance, installation and/or inspections of the stair railing at issue on June 27, 2019 at the Premises. Were these person(s) employees or agents of Defendants? If not, please identify what entity employed them at the time of Plaintiff's fall.

12.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

·RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM        *Brian K. Hart* -Clerk of Court

13.

Identify any and all persons known to Defendants who have fallen at the Premises at any time from January 1, 2016 to the present day.

14.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(a)     The cause of the fall;

(b)     Whether any incident report was prepared;

(c)     The information contained in such incident report;

(d)     The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having knowledge regarding said fall.

15.

Please identify any and all maintenance work done at the Premises in the one (1) year prior to Plaintiff's June 27, 2019 fall.

16.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendants or Defendants' agents and servants?  If your answer is yes, please identify:

(a)     The party whom you contend was guilty of such negligence;

(b)     Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM

*Brian K. Hart* -Clerk of Court

(c)     Each and every fact and reason upon which you base your contentions; and

(d)     Each and every person who has any knowledge or information concerning each such fact.

17.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject Premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint.  If so:

(a)     State the date you acquired such knowledge and/or information;

(b)     State what knowledge and/or information you had;

(c)     Identify the person or persons who made such knowledge and/or information known to you;

(d)     State whether any remedial and/or corrective action was taken based upon such knowledge;

(e)     Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

(f)     Identify any documents relating to such condition and/or corrective action.

18.

Please identify any inherent aspect of the subject Premises where Plaintiff fell, which you believe posed a risk of physical injury to persons.  As to each such fact or circumstance identified:

(a)     State when you were apprised of such inherent risk of danger; and

(b)     Identify all documents relating to such fact or circumstance.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/22/2020 10:19 AM    *Brian H. Hart* -Clerk of Court

19.

Please identify any and all other similar incidents or allegations for which you have prepared an incident report, work order, or any physical document of any kind, concerning any person who has complained of an improperly installed/mounted/rotten/loose railing at the subject location from January 1, 2016 through the present day.

20.

Please identify any and all other similar incidents or allegations for which a Premises guest has filed a lawsuit and/or an insurance claim against Defendants related to improperly maintained common areas at the premises from January 1, 2016 through the present day.

21.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

22.

Identify all instructions, documents, including, but not limited to, work orders, created by you since June 27, 2019, concerning maintenance, installation and/or inspections of the stair railings at the subject Premises.

These Interrogatories are served upon you together with Plaintiff's Complaint.

This 22nd day of October, 2020.

> /s/ William J. Degenhart
> William J. Degenhart
> Georgia Bar No. 384018
> *Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T: (912) 443-1000
wdegenhart@forthepeople.com

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BETTY SMITH,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        CIVIL ACTION NO.: STCV20-01951
                                      )
APPLEPEEL ENTERPRISES, INC.           )
d/b/a TYBEE VACATION RENTALS,         )
and KEN CORONA,                       )
                                      )
        Defendants.                   )

**DEFENDANT APPLEPEEL ENTERPRISES, INC. d/b/a TYBEE VACATION
RENTALS' ANSWER TO PLAINTIFF'S COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

COMES NOW, Applepeel Enterprises, Inc. d/b/a Tybee Vacation Rentals ("Defendant")

and files this Answer to Plaintiff's Complaint and Demand for Trial by Jury as follows:

**DEFENSES**

1.  Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be

    granted.

2.  Defendant breached no duty owed to Plaintiff upon which relief may be granted.

3.  Plaintiff's claims are barred or reduced by the doctrine of contributory and/or

    comparative negligence.

4.  No act or omission of Defendant proximately caused injury or damage to the Plaintiff.

5.  Plaintiff did or may have knowingly and voluntarily assumed the risk of injury to her

    person.

6.  Plaintiff failed to exercise due care for her own safety and is therefore responsible for her

    own alleged injuries and damages.

1

7. Plaintiff's alleged injuries and damages were not proximately caused by any alleged acts or omissions by Defendant and are therefore not recoverable.

8. Defendant further answers as follows:

## PARTIES AND JURISDICTION

1.   Plaintiff Betty Smith is a citizen and resident of the State of Michigan.

     **ANSWER: Defendant is without sufficient information to admit or deny this allegation. To the extent a response is required Defendant denies this allegation.**

2.   The incident that is the subject of this cause of action occurred at Defendant Ken Corona's rental property. The Grimball Chaplin House, Unit B (hereinafter "The Premises"), located at 313 West Waldburg Street, Savannah, Georgia 31401.

     **ANSWER: Defendant is without sufficient information to admit or deny this allegation. Plaintiff made no complaint at the time of the alleged incident. To the extent a response is required Defendant denies this allegation.**

3.   At all times relevant to this cause of action, the Premises was managed and/or operated by Applepeel Enterprises, Inc. d/b/a/ Tybee Vacation Rentals.

     **ANSWER: Defendant is without sufficient information to admit or deny this allegation. Plaintiff made no complaint at the time of the alleged incident. To the extent a response is required Defendant admits that it managed the Premises in June 2019 and denies the remainder of this allegation.**

3.   Upon information and belief. Defendant Ken Corona (hereinafter "Corona") is a citizen and resident of the State of California. Corona owns and/or owned the Premises that is the subject of

this cause of action, and is subject to the jurisdiction of this Court. Defendant Corona can be

served with process at his residence, located at 3175 B Street, San Diego, San Diego County,

California 92102.

**ANSWER: Defendant is without sufficient information to admit or deny this**

**allegation. To the extent a response is required Defendant denies this allegation.**

4.    Defendant Applepeel Enterprises, Inc. d/b/a Tybee Vacation Rentals (hereinafter

"Applepeel") is a domestic profit corporation authorized to do business in the State of Georgia,

with its principal office located at 1010 Highway 80 East, Tybee Island, Chatham County,

Georgia 31328, and is subject to the jurisdiction of this Court. Applepeel maintains offices and

transacts business in Chatham County, Georgia, the county in which this cause of action

originated. Applepeel can be served with process by issuing Summons and a second original of

this Complaint to its registered agent for service, Amy Gaster, 1314 Second Avenue, Tybee

Island, Chatham County, Georgia 31328.

**ANSWER: Admitted.**

5.    Venue in the present case is proper in Chatham County, Georgia.

**ANSWER: Admitted**

**FACTUAL ALLEGATIONS**

6.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 5 above as if

they were restated verbatim.

**ANSWER: Defendant incorporates it prior response.**

3

7.   At all times material hereto, Defendant Corona owned the property located at approximately 313 West Waldburg Street, Savannah, Chatham County, Georgia 31401, and as such possessed said property with the intent to occupy and control it as a vacation rental property.

**ANSWER: Admitted.**

8.   At all times relevant hereto, Defendant Applepeel maintained and/or managed the aforementioned property and provided property management and/or leasing services.

**ANSWER: Admitted.**

9.   On or about June 11, 2019, Plaintiffs granddaughter, Shantanique Wilson, rented the Premises for a vacation rental.

**ANSWER: Defendant is without knowledge of the relationship between Plaintiff and Ms. Wilson. Ms. Wilson booked the Premises on June 11, 2019.**

10.   Plaintiff and her family were visiting the Savannah area for her daughter's graduation.

**ANSWER: Defendant is without sufficient information to admit or deny this allegation. To the extent a response is required Defendant denies this allegation.**

11.   On or about June 27, 2019, Plaintiff was a registered guest at the Premises.

**ANSWER: Denied.**

12.   On or about June 27, 2019, upon entering the Premises as a registered guest, Plaintiff assumed the legal status of an invitee as the term is defined and codified under Georgia Law.

**ANSWER: Denied, Plaintiff was not one of the two names Ms. Wilson registered.**

**COUNT I**
**Negligence of Defendant**

13.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 10 above as if they were restated verbatim.

**ANSWER: Defendant incorporates it prior response.**

14.    On or about June 27, 2019, Plaintiff was an invitee on the Premises.

**ANSWER: Defendant is without sufficient information to admit or deny this allegation. To the extent a response is required Defendant denies this allegation.**

15.    On that same date, as Plaintiff was walking down the steps, she grabbed onto the railing, which was loose and/or rotten, and lost her balance, whereby she fell down the stairs.

**ANSWER: Defendant is without sufficient information to admit or deny this allegation. Plaintiff made no complaint at the time of the alleged incident. To the extent a response is required Defendant denies this allegation.**

16.    As a result of the aforementioned fall, Plaintiff suffered serious and life-threatening injuries.

**ANSWER: Defendant is without sufficient information to admit or deny this allegation. Plaintiff made no complaint at the time of the alleged incident. To the extent a response is required Defendant denies this allegation.**

17.    At all times relevant hereto, Defendant Corona owned, and Defendant Applepeel and/or managed and/or operated the Premises and owed a legal duty of reasonable care to invitees to inspect and keep the premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

**ANSWER: Defendant is without sufficient information to admit or deny this allegation. Plaintiff made no complaint at the time of the alleged incident. To the extent a response is required Defendant denies this allegation.**

18.   At all times relevant hereto, Defendant, by and through their employees, had actual and/or constructive knowledge of the hazardous condition of the loose and/or rotten railing prior to Plaintiffs fall.

**ANSWER: Denied.**

19.   At all times relevant hereto, Plaintiff had no knowledge of the unsafe and dangerous condition of the loose and/or rotten, and it was not discoverable by Plaintiff in the exercise of reasonable and ordinary care.

**ANSWER: Denied.**

20.   At all times relevant hereto, Plaintiff exercised reasonable care for her own safety.

**ANSWER: Defendant is without sufficient information to admit or deny this allegation. Plaintiff made no complaint at the time of the alleged incident. To the extent a response is required Defendant denies this allegation.**

21.   At all times relevant hereto, Defendant breached their duty of reasonable care in one or more of the following manners:

  a) Defendant failed to inspect the Premises for dangerous conditions;

  b) Defendant failed to warn patrons of a dangerous condition they knew or should

have known existed on the Premises; and

c) Defendant failed to maintain the stair railings on the Premises when they knew

or should have known said stair railings were loose and/or rotten.

**ANSWER: Denied.**

22.    As a result of the foregoing, Defendant breached their legal duty to Plaintiff in violation of

O.C.G.A § 51-3-1.

**ANSWER: Denied.**

23.    As a direct and proximate result of the aforesaid breaches of duty and negligence by

Defendant, Plaintiff tripped and fell down the stair, suffering severe and permanent personal

injuries. Plaintiff has suffered injuries and damages including, but not limited to, past medical

expenses, future medical expenses, and past, present, and future physical pain and suffering.

**ANSWER: Denied.**

24.    By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from

Defendant in an amount to be proven at trial.

**ANSWER: Denied.**

RECEIVED FOR FILING SUPERIOR COURT OF CHATHAM CO. GA 11/23/2020 1:43 PM    Brian K. Hart - Clerk of Court

## PRAYER FOR RELIEF

Defendant pray this Court will:

a.      Dismiss Plaintiff's Complaint;

b.      Cast all fees and expenses upon Plaintiff;

c.      Any other relief this Court deems appropriate.

This 23rd day of November 2020.

Ellis Painter Ratterree & Adams, LLP

/s/Quentin L. Marlin
Quentin L. Marlin
Georgia Bar No. 567040
Jacob E. Saas
Georgia Bar No. 962973
*Attorneys for Defendant*

PO Box 9946
Savannah, GA 31412
(912) 233-9700
qmarlin@epra-law.com
jsaas@epra-law.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true

and correct copy of the foregoing document(s) as indicated below:

William Degenhart
25 Bull St, Suite 400
Savannah, GA 31401


☐     by First Class Mail;

☐     via facsimile;

**X**     via e-mail to wdegenhart@forthepeople.com;

☐     by hand delivery.


This 23rd day of November 2020.

Ellis Painter Ratterree & Adams, LLP

/s/Quentin L. Marlin
Quentin L. Marlin
Georgia Bar No. 567040
Jacob E. Saas
Georgia Bar No. 962973
*Attorneys for Defendant*

PO Box 9946
Savannah, GA 31412
(912) 233-9700
qmarlin@epra-law.com
jsaas@epra-law.com

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

BETTY SMITH,              )
                                )

       Plaintiff,        )
                                )

v.                         )       CIVIL ACTION NO.: STCV20-01951
                                )

APPLEPEEL ENTERPRISES, INC.    )
d/b/a TYBEE VACATION RENTALS,   )
and KEN CORONA,        )
                                )

       Defendants.     )

### CERTIFICATE REGARDING DISCOVERY

In accordance with Uniform Superior Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the certificate of service attached hereto and incorporated herein by this reference:

*Defendant's Response to Plaintiff's Request for Production of Documents*

*Defendant's Response to Plaintiff's Interrogatories*

This 22nd day of December, 2020

                                Ellis Painter Ratterree & Adams, LLP

                                /s/Quentin L. Marlin
                                Quentin L. Marlin
                                Georgia Bar No. 567040
                                Jacob E. Saas
                                Georgia Bar No. 962973
                                *Attorneys for Defendant*

PO Box 9946
Savannah, GA 31412
(912) 233-9700
qmarlin@epra-law.com
jsaas@epra-law.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true

and correct copy of the foregoing document(s) as indicated below:

William Degenhart
25 Bull St, Suite 400
Savannah, GA 31401

Mareesa Torres Dittle, Esq.
2970 Clairmont Road NE - Suite 600
Brookhaven, GA 30329

☐      by First Class Mail;

☐      via facsimile;

**X**      via e-mail to wdegenhart@forthepeople.com; dittlm1@nationwide.com

☐      by hand delivery.

This 22nd day of December 2020.

Ellis Painter Ratterree & Adams, LLP

/s/Quentin L. Marlin
Quentin L. Marlin
Georgia Bar No. 567040
Jacob E. Saas
Georgia Bar No. 962973
*Attorneys for Defendant*

PO Box 9946
Savannah, GA 31412
(912) 233-9700
qmarlin@epra-law.com
jsaas@epra-law.com

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BETTY SMITH,                              )
                                         )
     Plaintiff,              )
                                         )
v.                                       )     CIVIL ACTION NO.: STCV20-01951
                                         )
APPLEPEEL ENTERPRISES, INC.              )
d/b/a TYBEE VACATION RENTALS,            )
and KEN CORONA,                          )
                                         )
     Defendants.             )

### CERTIFICATE REGARDING DISCOVERY

In accordance with Uniform Superior Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the certificate of service attached hereto and incorporated herein by this reference:

*Defendant's First Request for Admissions to Plaintiff*

This 8th day of December, 2020

Ellis Painter Ratterree & Adams, LLP

/s/Quentin L. Marlin
Quentin L. Marlin
Georgia Bar No. 567040
Jacob E. Saas
Georgia Bar No. 962973
*Attorneys for Defendant*

PO Box 9946
Savannah, GA 31412
(912) 233-9700
qmarlin@epra-law.com
jsaas@epra-law.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true

and correct copy of the foregoing document(s) as indicated below:

William Degenhart
25 Bull St, Suite 400
Savannah, GA 31401

☐      by First Class Mail;

☐      via facsimile;

**X**      via e-mail to wdegenhart@forthepeople.com;

☐      by hand delivery.

This 8th day of December 2020.

Ellis Painter Ratterree & Adams, LLP

/s/Quentin L. Marlin
Quentin L. Marlin
Georgia Bar No. 567040
Jacob E. Saas
Georgia Bar No. 962973
*Attorneys for Defendant*

PO Box 9946
Savannah, GA 31412
(912) 233-9700
qmarlin@epra-law.com
jsaas@epra-law.com

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BETTY SMITH,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )   CIVIL ACTION NO.:  STCV20-01951
                                      )
APPLEPEEL ENTERPRISES, INC.           )
d/b/a TYBEE VACATION RENTALS;         )
and KEN CORONA,                       )
                                      )
        Defendants.                   )

**RULE 5.2 CERTIFICATE OF SERVING DISCOVERY**

In accordance with Uniform Superior Court Rule 5.2, this is to certify that on this date

Plaintiff served a true and correct copy of ***Plaintiff's Responses to Defendant Applepeel***

***Enterprises, Inc.'s First Requests for Admission*** which was delivered to the following counsel

via statutory electronic service, and addressed to:

| | |
|---|---|
| Quentin L. Marlin | Mareesa Torres Dittle |
| Jacob E. Saas | 2970 Clairmont Road NE |
| Ellis, Painter, Ratterree & Adams | Suite 600 |
| 2 E. Bryan Street, 10th Floor | Brookhaven, GA 30329 |
| Savannah, GA 31401 | dittlm1@nationwide.com |
| qmarlin@epra-law.com | *Attorney for Defendant Ken Corona* |
| jsaas@epra-law.com | |
| *Attorneys for Defendant Applepeel Enterprises,* | |
| *Inc. d/b/a Tybee Vacation Rentals* | |

This 8th day of January, 2021.

                                      */s/  William J. Degenhart*
                                      William J. Degenhart
                                      Georgia Bar No. 384018
                                      *Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:  (912) 443-1000
F:  (912) 443-1104

wdegenhart@forthepeople.com

## IN THE STATE COURT OF CHATHAM COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| BETTY SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO. STCV20-01951 |
| | : | |
| APPLEPEEL ENTERPRISES, INC. d/b/a | : | |
| TYBEE VACATION RENTALS, and | : | |
| KEN CORONA, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT KEN CORONA'S
### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Ken Corona, Defendant in the above-styled action, and hereby sets forth

his Answer and Defenses to Plaintiff's Complaint and Demand for Jury Trial, showing this

Honorable Court as follows:

### FIRST DEFENSE

The Complaint fails to plead special damages with particularity as required by O.C.G.A. §

9-11-9(g).

### SECOND DEFENSE

The Complaint, in whole and with respect to the individual counts, fails to state a claim

upon Defendant Corona which relief can be granted and should be dismissed as a matter of law.

### THIRD DEFENSE

Pending further investigation and discovery, Defendant Corona raises a defense based on

assumption of risk by Plaintiff.

### FOURTH DEFENSE

Defendant Corona breached no duty of care to Plaintiff.

RECEIVED FOR FILING 4TH JUDICIAL CIRCUIT W/ H. HALL, D. CLERK 1/4/2021 4:21 PM

Brian K. Hart -Clerk of Court

## FIFTH DEFENSE

No act or omission on the part of Defendant Corona caused, produced, or brought about the occurrence in question, and, on account thereof, Plaintiff is not entitled to recover damages against Defendant Corona in any sum whatsoever.

## SIXTH DEFENSE

The sole and proximate cause of any injury or damages sustained by the Plaintiff was the negligence of someone for whom Defendant Corona is not responsible.

## SEVENTH DEFENSE

The sole proximate cause of any injuries or damages sustained by the Plaintiff was due to the negligence of the Plaintiff.

## EIGHTH DEFENSE

Even if Defendant Corona was negligent, which he expressly denies, Plaintiff could have avoided the consequences of any negligence on the part of Defendant Corona by the exercise of ordinary care, caution and diligence.

## NINTH DEFENSE

Even if Defendant Corona was negligent, which he expressly denies, the negligence of the Plaintiff contributed to her damages and injuries and any recovery on her part must be reduced in an amount equal to the degree that negligence contributed to the accident. If the negligence of the Plaintiff was equal to or greater than the negligence of Defendant Corona, the Plaintiff is thereby barred from recovery against Defendant Corona.

## TENTH DEFENSE

No act or omission on the part of Defendant Corona constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would be raised the

Copy from re:SearchGA

presumption of conscious indifference to the consequences.

## ELEVENTH DEFENSE

Defendant Corona is not a proper party defendant in this matter and must be dismissed.

## TWELFTH DEFENSE

Defendant Corona has been improperly joined as a party to this action.

## THIRTEENTH DEFENSE

Plaintiff has failed to join a proper and indispensable party to this action.

## FOURTEENTH DEFENSE

Defendant Corona shows that Plaintiff should not recover damages pursuant to O.C.G.A. §
13-6-11 in this case and denies Plaintiff's claims, whether made now or in the future, for
damages pursuant to O.C.G.A. § 13-6-11.

## FIFTEENTH DEFENSE

Plaintiff's damages, if any, must be apportioned among all potentially responsible parties
and non-parties pursuant to O.C.G.A. § 51-12-33.

## SIXTEENTH DEFENSE

Plaintiff may not recover against Defendant Corona due to Plaintiff equal or superior
knowledge of any condition which Plaintiff alleges resulted in this event.

## SEVENTEENTH DEFENSE

Defendant Corona had no actual or constructive knowledge of any alleged dangerous or
hazardous condition which allegedly caused Plaintiff injuries and damages.

## EIGHTEENTH DEFENSE

Defendant Corona is not guilty of any negligence or fault of any kind or nature.

Copy from re:SearchGA

*Brian K. Hart* – Clerk of Court

**NINETEENTH DEFENSE**

Defendant Corona shows that Plaintiff has a duty to mitigate any alleged damages.

**TWENTIETH DEFENSE**

Defendant Corona answers the specific allegations contained in the Complaint as follows:

1.

Defendant Corona can neither admit nor deny this allegation as set forth as he has no personal knowledge and therefore leaves Plaintiff to her proof.

2.

Defendant Corona can neither admit nor deny this allegation as set forth as he has no personal knowledge and therefore leaves Plaintiff to her proof.  Any allegations or inferences of negligence as to Defendant Corona are denied.

3.

Admitted.

3. [sic]

Denied.

4. [sic]

Plaintiff's allegations are not directed at Defendant Corona and therefore he does not set forth a response.

5. [sic]

Admitted.

**FACTUAL ALLEGATIONS**

6. [sic]

Defendant Corona restates and incorporates its responses to the preceding paragraphs of

Plaintiff's Complaint for Damages as though set forth fully herein.

### 7. [sic]

Denied as set forth.

### 8. [sic]

Admitted.

### 9. [sic]

Upon information and belief at this time, admitted.

### 10. [sic]

Upon information and belief at this time, admitted.

### 11. [sic]

Upon information and belief at this time, admitted.

### 12. [sic]

Denied to the extent the allegation is directed to Defendant Corona.

## **COUNT I**

### *Negligence of Defendants*

### 13. [sic]

Defendant Corona restates and incorporates its responses to the preceding paragraphs of

Plaintiff's Complaint for Damages as though set forth fully herein.

### 14. [sic]

Denied to the extent the allegation is directed to Defendant Corona.

### 15. [sic]

Denied as set forth.

Copy from re:SearchGA

16. [sic]

Denied.

17. [sic]

Denied as to Defendant Corona.

18. [sic]

Denied as to Defendant Corona.

19. [sic]

Denied.

20. [sic]

Denied.

21. [sic]

Denied as to Defendant Corona.

22. [sic]

Denied as to Defendant Corona.

23. [sic]

Denied as to Defendant Corona.

24. [sic]

Denied as to Defendant Corona.

## **GENERAL DENIAL**

Any and all allegations contained in the Plaintiff's Complaint not heretofore admitted to by Defendant Corona are hereby expressly denied as to Defendant Corona.

Copy from re:SearchGA

**WHEREFORE**, Defendant Corona hereby respectfully demands trial by a jury of twelve and prays that this action be dismissed hence with costs taxed to the Plaintiff and for such other and further relief that the Court deems just and proper.

This 11th day of December 2020.

_____
MAREESA TORRES DITTLE, ESQ.
Georgia State Bar No.:  195372
Attorney for Defendant Ken Corona

2970 Clairmont Road NE
Suite 600
Brookhaven, GA  30329
(912) 661-5664
(866) 281-0088 (*facsimile*)
dittlm1@nationwide.com

Copy from re:SearchGA

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing pleading upon:

William J. Degenhart, Esq.
Morgan & Morgan
25 Bull Street, Suite 400
Savannah, GA 31401
wdegenhart@forthepeople.com
*Attorney for Plaintiff*

Jacob E. Saas, Esq.
Ellis, Painter, Ratterree & Adams, LLP
7 E. Congress Street, 2nd Floor
Savannah, GA 31401
jsaas@epra-law.com
*Attorney for Defendant Applepeel*

by Statutory Electronic Service and electronic mail to insure delivery.

This 11th day of December 2020.

_____
MAREESA TORRES DITTLE, ESQ.
Georgia State Bar No.:  195372
Attorney for Defendant Ken Corona

2970 Clairmont Road NE
Suite 600
Brookhaven, GA  30329
(912) 661-5664
(866) 281-0088 (*facsimile*)
dittlm1@nationwide.com

Copy from re:SearchGA